**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
Kimberly R. Arnal, Esq. (SBN 200448)
650 Town Center Drive
Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
karnal@aguileragroup.com

Attorneys for Plaintiff, TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Corporation

Plaintiff,

v.

BOGH ENGINEERING, INC., a California Corporation; WESCO INSURANCE COMPANY, a Delaware Corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania Corporation; and DOES 1 through 10 inclusive,

Case No.:

**TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S COMPLAINT FOR DECLARATORY RELIEF**

Comes now Plaintiff TRAVELERS INDEMNITY COMPANY OF CONNECTICUT and pleads the following allegations on information and belief in support of its complaint herein:

**JURISDICTION**

1. Plaintiff TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("TRAVELERS") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TRAVELERS is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant BOGH ENGINEERING, INC., ("BEI") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Beaumont, California. Plaintiff is informed and believes and thereon alleges that BEI is a public works contractor doing business in California.

3. Plaintiff is informed and believes and thereon alleges that Defendant WESCO INSURANCE COMPANY ("WESCO") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Plaintiff is informed and believes and thereon alleges that WESCO is a corporation that specializes in property and casualty insurance.

4. Plaintiff is informed and believes and thereon alleges that Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., ("NATIONAL UNION") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in New York, New York. Plaintiff is informed and believes and thereon alleges that NATIONAL UNION is a corporation that specializes in excess property and casualty insurance.

5. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said DOE Defendants. Plaintiff will amend this Complaint to reflect the true names when the same are ascertained. Plaintiff is informed and believes and thereon alleges that said DOE Defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

6. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds the jurisdictional minimum, and represents indemnity sought by BEI in connection with BEI's indemnification in the action currently pending in Riverside County Superior Court, Case No. RIC1614359, entitled *Beaumont Unified School District v. Bogh Construction, Inc. et al.* (the "Underlying Action").

## VENUE

7. Plaintiff TRAVELERS is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Action is pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

### A. The Relevant Insurance Policies

8. TRAVELERS issued the following commercial general liability policies to BEI:

| **Policy Number** | **Policy Period** |
|---|---|
| DT22-CO-4E692054-TCT-14 | 4/20/14-4/20/15 |
| DT22-CO-4E692054-TCT-15 | 4/20/15-4/20/16 |

The above reference policies are collectively referred to as the "Travelers Policies".

9. The Travelers Policies contain Commercial General Liability Form CG 00 01 10 01, which provides in part as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement.**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

10. Under the terms of the Travelers Policies, Plaintiff has an obligation to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period (subject to various limitations and exclusions in the policies).

11. The Travelers Policies also contain the following exclusion:

**m. Damage To Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically inured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; …

12. WESCO issued the following primary commercial general liability policies to Beaumont Electric Inc. ("Beaumont Electric"):

| **Policy Number** | **Policy Period** |
|---|---|
| WPP1045946-00 | 10/8/11-10/8/12 |
| WPP1045946-01 | 10/8/12-10/8/13 |
| WPP1045946-02 | 10/8/13-10/8/14 |
| WPP1045946-03 | 10/8/14-10/8/15 |

| | |
|---|---|
| WPP1045946-04 | 10/8/15-10/8/16 |
| WPP1045946-05 | 10/8/16-10/8/17 |

The above reference policies are collectively referred to as the "Wesco Policies".

13. The Wesco Policies contain Commercial General Liability Form CG 00 01 12 07, which provides in part as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement.**
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

14. Under Section IV of the COMMERCIAL GENERAL LIABILITY CONDITIONS provisions of the policy, "if this insurance is primary, our obligations are not affected unless any of the other insurance is also primary."

15. TRAVELERS is informed and believes and thereon alleges that BEI is an additional insured under the Wesco Policies.

16. NATIONAL FIRE issued the following excess insurance policies to Beaumont Electric:

| **Policy Number** | **Policy Period** |
|---|---|
| BE054059957 | 10/8/14-10/8/15 |
| EBU015541566 | 10/8/15-10/8/16 |
| EBU021050303 | 10/8/16-10/8/17 |
| EBU060439282 | 10/8/17-10/8/18 |

The above reference policies are collectively referred to as the "National Union Policies".

17. Plaintiff is informed and believes and thereon alleges that the National Union Policies follow form to the Wesco Policies.

**B. The ESF Project**

18. This matter involves a public works project known as the Beaumont Educational Support Facilities located at 500 Grace Avenue, Beaumont, California (the "ESF Project").

19. In 2010, BEI was hired by the Beaumont Unified School District ("BUSD") to construct the ESF Project. The construction of the ESF Project was to be divided into three phases pursuant to the Athletic Complex and Educational Support Facilities Project Construction Service Agreement dated June 23, 2010.

20. BEI hired Beaumont Electric to perform the electrical work on the ESF Project. The following terms are contained within the subcontract between BEI and Beaumont Electric:

> **4.7 Indemnification**
>
> 4.7.1 To the fullest extent permitted by law, Subcontractor shall defend, indemnify and hold harmless Owner and Contractor and their agents and employees from claims, demands, causes of actions and liabilities of every kind and nature whatsoever arising out of or in connection with Subcontractors operations performed under this Agreement and caused or alleged to be caused, in whole or in part, by any act or omission of Subcontractor or anyone employed directly or indirectly by Subcontractor. This indemnification shall extend to claims occurring after this Agreement is terminated as well as while it is in force. The indemnity shall apply regardless of any active and/or passive negligent act or omission of Owner or Contractor, or their agents or employees, but Subcontractor shall not be obligated to indemnify any part [sic] for claims arising from the sole negligence or willful misconduct of Owner or

> Contractor or their agents or employees, or arising solely by the designs provided by such parties. The indemnity set forth in this Section shall not be limited by insurance requirements or by any other provision of this Agreement.

21. The subcontract agreement between BEI and Beaumont Electric also contains the following provision respecting insurance:

> **CONTRACT AGREEMENT – SCHEDULE B**
>
> **ADDITIONAL REQUIREMENTS**
>
> Prior to the commencement of any work, and until all obligations under this contract are fulfilled, Subcontractor and any lower tier Subcontractor shall, at its sole expense maintain not less than the coverage limits of insurance per the contracts documents, which shall be maintained under forms of policies and from insurance companies satisfactory to Owner.
>
> Evidence of insurance shall be provided on a certificate of Liability Insurance (Accord form 25-s) providing not less than 30 days notice of cancellation by deleting "endeavor to" and "but failure to mail such notice shall impose no obligation or liability of any kind upon the company, it's agents or representatives." Certificates of insurance, and required endorsements shall be provided for 1 year following completion of the project.
>
> Additional insured endorsements to the Commercial General Liability Policy is required and will name Contractor and Owner as additional insured on ISO for CG 2010 1185 (or its equivalent) and provide such insurance is primary coverage and any coverage carried by Owner or Contractor **is excess insurance and will not contribute with this insurance. . .**

22. The subcontract agreement between BEI and Beaumont Electric also required that any additional insurance issued to BEI be primary, and that BEI's direct coverage be excess and non-contributing to any loss arising out of the ESF Project.

Beaumont Electric accepted this condition. Moreover, Beaumont Electric's insurance carrier Wesco issued the required additional insured coverage to BEI, and issued the following endorsements in favor of BEI:

> It is agreed that such insurance as is afforded by this policy for the additional insured shown shall be primary insurance, and any other insurance maintained by the additional insured(s) **shall be excess and non-contributory as respects any claim, loss or liability allegedly arising out of the operations of the named insured**. . .

### C. The Underlying Litigation

23. On October 28, 2016, BUSD initiated a lawsuit against BEI and Beaumont Electric for breach of contract and negligence related to the ESF Project. Specifically, BUSD claimed that the electrical system installed by Beaumont Electric needed to be replaced because it did not function correctly.

24. The defense of BEI in the Underlying Action was tendered to TRAVELERS and TRAVELERS agreed to fully defend BEI with regard to the Underlying Action, subject to a reservation of rights. Defendant WESCO is also defending BEI in the Underlying Action.

25. At this time, the parties are currently involved in a mediation, but TRAVELERS, BEI, WESCO and NATIONAL FIRE currently are in dispute as to their respective obligations under the policies of insurance.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

**(By Plaintiff Against all Defendants**

26. TRAVELERS hereby re-alleges and incorporates by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

27. An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS, on the one hand, and BEI, WESCO and NATIONAL

UNION on the other, concerning TRAVELERS' rights, duties, and obligations under the Travelers Policies.

28. Specifically, TRAVELERS contends and is informed and believes that BEI, WESCO and NATIONAL UNION dispute the following:

a. TRAVELERS has no obligation to defend or indemnify BEI for claims in the Underlying Action;

b. If this Court does find that the electrical claims against BEI are covered under the Travelers Policies, Travelers respectfully requests that the Court declare that Travelers Policies are excess to the Wesco Policies and the National Union Policies and therefore, would not provide coverage until the Wesco and National Union Policies are exhausted.

29. TRAVELERS asserts and contends that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights, duties, and obligations as between TRAVELERS and BEI, WESCO and NATIONAL UNION under the provisions of the applicable policies of insurance.

## **PRAYER FOR RELIEF**

TRAVELERS respectfully prays for judgment, as follows:

1. For a judicial declaration that (1) TRAVELERS has no obligation to defend or indemnify BEI for claims in the Underlying Action; (2) If this Court does find that the electrical claims against BEI are covered under the Travelers Policies, Travelers respectfully requests that the Court declare that Travelers Policies are excess to the Wesco Policies and the National Union Policies and therefore, would not provide coverage until the Wesco and National Union Policies are exhausted.

2. For costs of suit herein;

3. For such other and further relief as this Court deems just and proper.

///

Dated: March 16, 2021

**THE AGUILERA LAW GROUP, APLC**

A. Eric Aguilera, Esq.
Kimberly R. Arnal, Esq.
Attorneys for Plaintiff
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT